**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

---------------------------------------------------------------

CHE'LA MCCLAIN, individually and on behalf of all others similarly situated,

                     Plaintiff,

         v.

CAPITAL VISION SERVICES, LLC d/b/a MYEYEDR.,

                    Defendant.

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

Case No.: 1:25-cv-07675

Hon. Jeffrey Cummings

---------------------------------------------------------------

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S OPPOSED MOTION TO CONSOLIDATE AND REASSIGN RELATED ACTIONS**

Defendant Capital Vision Services, LLC, d/b/a MyEyeDr., by and through undersigned counsel, hereby opposes the Motion to Consolidate and Reassign Related Actions filed by Plaintiff on November 14, 2025, ECF No. 24.

Plaintiff sees her motion as a positive procedural vehicle toward maximizing efficiency in this case. Defendant disagrees. Defendant views Plaintiff's 11th-hour motion as a transparent attempt to avoid timely consideration of Defendant's motion to dismiss her fatally defective complaint. Instead of attempting to cure the defective complaint in this case through an amendment or opposing Defendant's motion, Plaintiff seeks to subvert and delay Defendant's pending, live motion to dismiss by consolidating and reassigning a similar litigation that is not at the same procedural state as the pending matter. For that reason, Plaintiff's motion should be denied, and to the extent that the Court construes the motion as seeking permission to file a new amended "consolidated complaint," that too should be denied. Defendant respectfully requests that this

Court deny consolidation and proceed to a decision on the merits of its motion to dismiss without further hearing pursuant to Local Rule 78.3 because Plaintiff has elected not to comply with the Court's order and has not filed an opposition.

Federal Rule of Procedure 42(a) permits the court to join, consolidate, or "issue any other orders to avoid unnecessary cost or delay" in actions that "involve a common question of law or fact." "The rule is designed to give the court broad discretion to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties." *Blocker v. City of Chicago*, No. 09-CV-7052, 2011 WL 1004137, at \*2 (N.D. Ill. Mar. 16, 2011). In this case, justice would not be served and Defendant would be greatly prejudiced if its valid, pending motion to dismiss were obviated because of Plaintiff's motion for consolidation.

### A. Differing Procedural Postures and a Pending Motion to Dismiss Weigh Against Consolidation.

The *McClain* action is at a much more advanced procedural posture than the *Jenkins* action. The plaintiffs in *Jenkins et al. v. Cap. Vision Servs., d/b/a MyEyeDr.*, Case No. 1:25-cv-10000 ("*Jenkins*") filed their complaint on August 21, 2025, forty-four days *after* the filing of the instant action, and Defendant was not served until November 5, 2025, three months and 28 days *after* the filing of the instant action. *See* Jenkins Compl., ECF No. 1 (reflecting a file date of August 21, 2025).[1] Meanwhile, the *McClain* action quickly marched forward: a mere 18 days after *Jenkins* was filed, the parties in *McClain* had already met and conferred and agreed to a briefing schedule on Defendant's motion to dismiss. *See McClain*, ECF No. 4 at ¶¶ 6, 8 (reflecting Defendant's motion for an extension of time and page limits for its motion to dismiss and Plaintiff's agreement

---

[1] Defendant waived service of the summons and complaint in *Jenkins*, pursuant to Plaintiff's October 30, 2025 email request, on November 5, 2025.

thereto filed on September 8, 2025). Defendant filed its motion to dismiss on September 30, 2025. *See* ECF No. 15.

This Court has declined to consolidate cases at differing stages of litigation. *See, e.g., Sabbia v. Comm'r of Soc. Sec. Admin.*, 669 F. Supp. 2d 914, 920 (N.D. Ill. 2009)*, aff'd sub nom. Sabbia v. Astrue*, 433 F. App'x 462 (7th Cir. 2011) (denying consolidation of disability actions when the actions were in "different stages"); *see also Powers v. White*, No. 16-4168-HAB, 2017 WL 11469804, at *1 (C.D. Ill. Nov. 13, 2017) ("The two cases that Powers wants to consolidate are at very different litigation stages. Therefore, judicial economy and the convenience of the Parties weigh against consolidation, and Powers' motion is denied.").

Moreover, the Central District of Illinois has found it "highly suspicious" regarding an effort to defeat jurisdiction and forum shopping, when a motion to join another party was filed during the pendency of a motion to dismiss. *Friesland Farms, LLC v. Big Sky Wind, LLC*, No. 10-01232, 2010 WL 11553153, at *6 (C.D. Ill. Dec. 13, 2010) ("Defendant did not file an answer to Plaintiff's original Complaint. In addition, Plaintiff did not even file a response to Defendant's pending Motion to Dismiss before filing its own Motion to Join within two weeks. The timing of this motion is, therefore, both confusing and highly suspicious of Plaintiff's motivations[.]"). Here, too, Plaintiff "did not even file a response to Defendant's pending Motion to Dismiss before filing its" motion for consolidation. *Id.* Rather, a mere two days before its opposition to Defendant's motion was due, Plaintiff filed a Statement of Intent to consolidate, referencing a potential filing of a new consolidated complaint, and Plaintiff neither opposed Defendant's motion nor filed an amended complaint in disregard of this Court's October 15, 2025 Order. *See* ECF No. 18. Like the *Friesland Farms, LLC* Court held, it would not be unreasonable to be "highly suspicious of Plaintiff's motivations" to avoid timely consideration of the Defendant's motion to a defective

complaint in accordance with the Court's October 15, 2025 Order. *Id.* Rather than promote efficiency, granting Plaintiff's motion would only increase the time and expense to Defendant who has timely elected and already invested in a comprehensive and substantive motion to dismiss Plaintiff's complaint in its entirety.[2]

Other federal courts have likewise denied motions to consolidate when a motion to dismiss was pending in one of the cases. *See Gore v. Trans Union LLC*, No. 3:23-CV-1199-E-BH, 2023 WL 12039747, at *2 (N.D. Tex. Oct. 13, 2023) ("The later-filed lawsuit is still at an earlier stage with pending motions to dismiss the claims against one of the defendants[.]"); *see also Ekpe v. City of New York*, No. 20 CIV. 8248 (AT), 2021 WL 5999204, at *4 (S.D.N.Y. Dec. 20, 2021) (denying a motion to consolidate, holding that consolidating "at this late stage . . . when both [moving] Plaintiffs' amended complaints are the subject of pending motions to dismiss—would not result in gains of efficiency or savings of expense."); *Benson v. Fischer*, No. 16-CV-509

---

[2] In Plaintiff's Statement of Intent to Move for Consolidation, Plaintiff's counsel justified an anticipated failure to timely respond to Defendant's motion due two (2) days later by stating, in part, that they "recently" learned of the *Jenkins* complaint. *See* ECF. No. 22, at 1; *see also id.* at 2 ("Defendant filed a motion to dismiss on September 30, 2025 [ECF 15, 16]. By Minute Order dated October 15, 2025, the Court set a deadline of October 31, 2025, for Plaintiff to file an amended complaint or respond to Defendant's motion to dismiss [ECF 18]. Discovery is otherwise stayed. However, rather than engage in potentially duplicative or unnecessary motion practice, Plaintiff respectfully suggests that the most efficient way to proceed would be for the Court to adjudicate Defendant's motion to dismiss ***after a consolidated complaint is filed***." (emphasis added))

In Defendant's Opposition to Plaintiff's Statement of Intent to Move for Consolidation, we noted:

> Lastly, we are surprised that the *McClain* counsel has only 'recently became aware' of *Jenkins*. Defense counsel informed *Jenkins* counsel of the *McClain* complaint on September 2, 2025 and immediately thereafter provided a courtesy copy of the complaint. At that time, Defense counsel understood that plaintiffs' counsel in both cases would be conversing, and that *Jenkins* may not be proceeding. Irrespective, however, of when the *McClain* counsel learned of *Jenkins*, Defendant respectfully maintains that the earlier filed *McClain* matter should be separately proceeding to a decision on Defendant's motion to dismiss. Defendant will seek a stay of *Jenkins* if and when appropriate procedurally for it to do so.

*See* ECF No. 23 at 2.

4

(DWF/TNL), 2019 WL 332434, at *3 (D. Minn. Jan. 25, 2019) ("At this stage, however, with a pending motion to dismiss, any request for consolidation is premature."); *see also PB & J Software, LLC v. Acronis, Inc.*, No. 4:12-CV-690 SNLJ, 2012 WL 4815132, at *2 (E.D. Mo. Oct. 10, 2012) (denying a motion for consolidation because "the parties are likely to be prejudiced if their cases are consolidated because the cases are at different stages[,]" when one of the cases had a pending motion to dismiss). In this case, too, to consolidate during the pendency of a motion to dismiss would not serve judicial economy and Defendant would be substantially prejudiced, including by apparently necessitating new costs and expenses to draft a motion to dismiss the brand new "consolidated complaint" that Plaintiff intends to file.

### B. Differing Factual Allegations Weigh Against Consolidation.

Upon being served with the *Jenkins* action, Defendant immediately moved to stay the *Jenkins* action on November 12, 2025. *See Jenkins*, ECF No. 12. Defendant maintains that a stay of the later filed *Jenkins* action is the appropriate remedy, as a stay permits the first filed and significantly more procedurally advanced of the actions—the *McClain* action—to go forward without further delay. In its motion to stay the *Jenkins* action, Defendant noted, moreover, that excerpts of the substantive legal argument of the *Jenkins* complaint closely mirror and are substantially similar to the earlier filed *McClain* complaint (*See* Exhibit A, Memorandum in Support of Motion to Stay, at 4–6), which McClain also highlights in her motion (*See* ECF No. 24, *McClain* Mot. to Consolidate, at 4–5).

The factual predicate, however, underlying the two complaints does differ: the *Jenkins* plaintiffs allege different individual interactions by the four named plaintiffs with Defendant's website and impermissible disclosures of alleged Protected Health Information (PHI). *Compare, e.g., Jenkins* Compl., ECF No. 1 ¶ 72 (reflecting that the *Jenkins* plaintiff were allegedly prompted

to share the medical issue prompting the appointment, such as red eyes) *with McClain* Compl., ECF No. 1 ¶ 8 (reflecting that the *McClain* plaintiff was allegedly prompted to share only whether she wore glasses or contacts). Thus, although there is overlap of legal claims and because certain legal issues may be decided in *McClain* and binding on *Jenkins* as a result of Defendant's motion in *McClain*, a stay is appropriate, but consolidation of these individual plaintiffs' allegations in a new pleading is not. In addition to the different procedural settings, consolidation should be denied because these differences in the respective plaintiffs' interactions with the website are central to determining the alleged unlawful disclosures of PHI, and the viability of the respective complaints' causes of action may depend on these particular, factual allegations. Accordingly, temporarily staying the *Jenkins* case without consolidation during the pendency of the *McClain* motion is the appropriate, most judicially efficient action.

**C. Local Rule 40.4 Does Not Permit Reassignment During the Pendency of a Motion to Dismiss.**

Local Rule 40(b)(3) provides that a later filed case may be reassigned to the calendar of another judge if, among other criteria, "the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially[.]" Here, to reassign would certainly delay the proceedings in *McClain*. Defendant has already undertaken great time and expense to brief its pending motion to dismiss. The proceedings have already been impermissibly delayed: this Court ordered Plaintiff to respond to Defendant's motion to dismiss within 21 days, or to amend the complaint by October 31, 2025. *See* ECF No. 18 (reflecting this Court's Minute entry entered October 15, 2025). Plaintiff here did neither and instead filed the current motion in a transparent end around to circumvent a timely consideration of Defendant's motion. Plaintiff not only delays its briefing on Plaintiff's motion to dismiss or amendment of the Complaint; it also flouts this Court's October 15, 2025 Order. *Id.*;

6

*see also Old Republic Ins. Co. v. Ness, Motley, Loadholt, Richardson & Poole, P.A.,* No. 03 C 5238, 2005 WL 8177563, at *4 (N.D. Ill. Mar. 15, 2005) (denying a motion for consolidation and reassignment, stating that "significantly working against the motion for reassignment is the fact that the cases are at two very different procedural postures").

Local Rule 40.4(c) was recently amended to allow motions to reassign to be filed earlier in the lifecycle of the litigation. *Compare* N.D. Ill. LR 40.4(c) (effective March 20, 2025) ("In order that all parties to a proceeding be permitted to respond on the questions of relatedness and possible reassignment, such motions should not generally be filed *until after the appearances of all parties have been filed* in each of the proceedings involved." (emphasis added)) *with* N.D. Ill. LR 40.4(c) (effective November 2, 2010) ("In order that all parties to a proceeding be permitted to respond on the questions of relatedness and possible reassignment, such motions should not generally be filed *until after the answer or motions in lieu of answer have been filed* in each of the proceedings involved." (emphasis added)).[3] Although the Rules Advisory Committee ("Committee") left little record of its reasoning for changing the rule,[4] from the current Rule's plain meaning, we may infer that the Committee intended to permit and encourage a timely motion for reassignment to occur *before the answer or motion to dismiss are filed* in the case. From the prior version of the Rule's plain meaning, we may infer that the Committee intended to permit a motion for reassignment *after the answer or briefing on a motion to dismiss* have been fully submitted.

---

[3] Plaintiff incorrectly cites to the older version of the Local Rule.

[4] *See* General Order 25-0004, https://www.ilnd.uscourts.gov/_assets/_documents/_forms/_clerksoffice/rules/pdf-orders/General%20Order%2025-0004%20-%20LR%2040.4.pdf (reflecting that the Rules Advisory Committee suggested edits for which no public comments were received, and that the full Court met to approve the proposed amendments on December 19, 2024); *see also* Proposal to Amend Local Rule 40.4, https://www.ilnd.uscourts.gov/_assets/_documents/_rules/Prop%20to%20Amd%20LR%2040.4.pdf (reflecting proposed redline edits to Local Rule 40.4).

In neither version of the Rule may we infer, however, that a motion to reassign may be filed *during the pendency of a live, viable motion to dismiss* in order to avoid filing an opposition, and timely consideration of the Defendant's motion in accordance with this Court's order, all in attempt to dramatically increase the costs and expenses to the other party by requiring Defendant to respond to a whole new consolidated action. The Committee did *not* amend Local Rule 40.4(c) to provide plaintiff movants this type of tactical advantage for avoiding consideration of a live motion to dismiss.

### D. Conclusion

The Northern District of Illinois has refused consolidation and related designation when cases were at different stages of litigation, as are *Jenkins* and *McClain*. Federal district courts have refused consolidation during the pendency of a motion to dismiss in particular. To allow Plaintiff in the instant case to do so surely opens the floodgates to such tactical gamesmanship, and for the amendment to Local Rule 40(c) to be abused as a tactic of delay. We respectfully request that the Court deny Plaintiff's motion.

Dated: December 3, 2025

Respectfully submitted,

EPSTEIN, BECKER & GREEN, P.C.

By: */s/ Carolyn O. Boucek*
Carolyn O. Boucek (IL No. 6346817)
Epstein Becker & Green, P.C.
227 W. Monroe Street
Suite 4500
Chicago, IL 60606
(T): 312-499-1486
(F): 312-845-1998

By: */s/ Brian G. Cesaratto*
Brian G. Cesaratto (admitted *pro hac vice*)
Shira M. Blank (admitted *pro hac vice*)
Eleanor T. Chung (admitted *pro hac vice*)

8

Epstein Becker & Green, P.C.
875 Third Avenue
New York, NY 10022
Tel: (212) 351-4500
Fax: (212) 878-8600

cboucek@ebglaw.com
bcesaratto@ebglaw.com
sblank@ebglaw.com
echung@ebglaw.com

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I certify that on December 3, 2025, I electronically filed the foregoing with the Clerk of the above Court using the CM/ECF system, which will send notification of such filing on all counsel of record.

*/s/ Carolyn O. Boucek*
Carolyn O. Boucek