**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

**CHE'LA MCCLAIN**, individually on behalf of all others similarly situated,

Plaintiff,

v.

**CAPITAL VISION SERVICES D/B/A MYEYEDR.**,

Defendant.

**Case No. 1:25-cv-07675**

**Hon. Jeffrey I Cummings**

**DEFENDANT CAPITAL VISION SERVICES D/B/A MYEYEDR. ANSWER TO THE COMPLAINT AND AFFIRMATIVE DEFENSES**

Defendant Capital Vision Services d/b/a MyEyeDr. ("Defendant"), by its attorneys Epstein Becker & Green, P.C., hereby Answers the Complaint of Che'La McClain ("Plaintiff") as follows. Defendant denies and reserves the right to challenge any assertion in the Complaint not expressly admitted in this Answer.

## AS TO "NATURE OF THE ACTION"

1. Defendant denies the allegations set forth in Paragraph 1 of the Complaint, except admits that Plaintiff purports to bring a class action.

2. Defendant denies the allegations set forth in Paragraph 2 of the Complaint, except admits that Defendant provides management services to certain physician practices and operates and controls https://www.myeyedr.com (the Website).

3. Defendant denies the allegations set forth in Paragraph 3 of the Complaint.

4. Defendant denies the allegations set forth in Paragraph 4 of the Complaint.

5. Paragraph 5 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 5 of the Complaint.

6. Paragraph 6 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 6 of the Complaint.

7. Paragraph 7 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 7 of the Complaint.

## AS TO "PARTIES"

8. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8 of the Complaint and accordingly denies those allegations.

9. Defendant denies the allegations set forth in Paragraph 9 of the Complaint.

10. Paragraph 10 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 10 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations that Plaintiff began receiving targeted advertisements for similar products and services and accordingly denies those allegations.

11. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11 of the Complaint and accordingly denies those allegations.

12. Defendant admits the allegations set forth in paragraph 12 of the Complaint.

13. Defendant denies the allegations set forth in Paragraph 13 of the Complaint, except admits that Defendant develops, owns and operates the Website.

14. Paragraph 14 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 14 of the Complaint, except admits that Google Analytics was used on the Website at certain times.

**AS TO "JURISDICTION AND VENUE"**

15. Paragraph 15 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is required, Defendant admits that Plaintiff purports to invokes jurisdiction under 28 U.S.C. §1331 over the claims that arise under the Electronic Communications Privacy Act, 18 U.S.C. §2510. *et seq* ("ECPA") and supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367, and purports to bring this action as a class action and invokes jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A), as modified by the Class Action Fairness Act of 2005.

16. Paragraph 16 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations set forth in Paragraph 16 of the Complaint, except admits that it conducts business within the Northern District of Illinois.

17. Paragraph 17 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations set forth in Paragraph 17 of the Complaint, except admits that Plaintiff purports to invoke venue in this Court pursuant to 28 U.S.C. § 1391(b).

## AS TO "FACTUAL ALLEGATIONS"

***Defendant denies all allegations contained in headings in the Complaint to the extent that Plaintiff purports to use headings to make factual or other assertions in support of the claims.***

18. Defendant denies the allegations contained in Paragraph 18 of the Complaint, except admits that Defendant owns and operates the Website.

19. Paragraph 19 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 19 of the Complaint.

20. Paragraph 20 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 20 of the Complaint and respectfully refers the Court to the statutory and regulatory text and further avers that the webpage cited to by Plaintiff is not active.

21. Paragraph 21 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 21 of the Complaint and respectfully refers the Court to the statutory text.

22. Paragraph 22 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 22 of the Complaint and respectfully refers the Court to the statutory text.

23. Paragraph 23 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 23 of the Complaint and respectfully refers the Court to the statutory text.

24. Paragraph 24 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations set forth in Paragraph 24 of the Complaint and respectfully refers the Court to the regulatory text.

25. Paragraph 25 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations set forth in Paragraph 25 of the Complaint and respectfully refers the Court to the statements published by the United States Department of Health and Human Services for the contents thereof and further avers that the webpage cited to by Plaintiff is not active.

26. Paragraph 26 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations set forth in Paragraph 26 of the Complaint and respectfully refers the Court to the Bulletin published by the United States Department of Health and Human Services for the contents thereof and further avers that the webpage cited to by Plaintiff is not active.

27. Defendant denies the allegations set forth in Paragraph 27 of the Complaint.

28. Paragraph 28 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations set forth in Paragraph 28 of the Complaint and respectfully refers the Court to the Bulletin published by the United States Department of Health and Human Services for the contents thereof and further avers that the webpage cited to by Plaintiff is not active.

29. Paragraph 29 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations set forth in Paragraph 29 of the Complaint and respectfully refers the Court to the Bulletin

published by the United States Department of Health and Human Services for the contents thereof and further avers that the webpage cited to by Plaintiff is not active.

30. Paragraph 30 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations set forth in Paragraph 30 of the Complaint and respectfully refers the Court to the press release of the United States Federal Trade Commission and United States Department of Health and Human Services for the contents thereof.

31. Paragraph 31 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations set forth in Paragraph 31 of the Complaint and respectfully refers the Court to the statements of the United States Federal Trade Commission for the contents thereof and further avers that the webpage cited to by Plaintiff is not active.

32. Defendant denies the allegations set forth in Paragraph 32 of the Complaint.

33. Defendant denies the allegations set forth in Paragraph 33 of the Complaint.

34. Paragraph 34 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 34 of the Complaint and respectfully refers the Court to the statutory text.

35. Paragraph 35 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 35 of the Complaint and respectfully refers the Court to the statutory text.

36. Paragraph 36 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 36 of the Complaint.

37. Paragraph 37 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 37 of the Complaint and respectfully refers the Court to the statutory text.

38. Paragraph 38 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 38 of the Complaint.

39. Defendant denies the allegations contained in Paragraph 39 of the Complaint, except admits that web browsers are software applications that permit users of computers, tablets, laptops, and smartphones to navigate to and access web content using the internet.

40. Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 40 of the Complaint and accordingly denies those allegations.

41. Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 41 of the Complaint and accordingly denies those allegations, except denies that web communications consist solely of HTTP Requests and HTTP Responses.

42. Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 42 of the Complaint and accordingly denies those allegations, except denies that the Website used HTTP protocol.

43. Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 43 of the Complaint and accordingly denies those allegations.

44. Defendant denies the allegations set forth in Paragraph 44 of the Complaint, except admits that Defendant used Google Analytics on the Website during certain times.

45. Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 45 of the Complaint and accordingly denies those allegations.

46. Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 46 of the Complaint and accordingly denies those allegations.

47. Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 47 of the Complaint and accordingly denies those allegations.

48. Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 48 of the Complaint and accordingly denies those allegations.

49. Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 49 of the Complaint and accordingly denies those allegations.

50. Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 50 of the Complaint and accordingly denies those allegations.

51. Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 51 of the Complaint and accordingly denies those allegations.

52. Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 52 of the Complaint and accordingly denies those allegations.

53. Defendant denies allegations set forth in Paragraph 53 of the Complaint except admits that Defendant used Google Analytics on the Website during certain times.

54. Defendant denies the allegations set forth in Paragraph 54 of the Complaint.

55. Defendant denies the allegations set forth in Paragraph 55 of the Complaint.

56. Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 56 of the Complaint and accordingly denies those allegations, except denies that data was intercepted from the Website, and admits that Defendant used Google Analytics on the Website during certain times and that Google Analytics permits Defendant to customize the processing of data within Defendant's account.

57. Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 57 of the Complaint and accordingly denies those allegations.

58. Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 58 of the Complaint and accordingly denies those allegations.

59. Defendant denies the allegations contained in Paragraph 59 of the Complaint, except admits that Defendant used Google Analytics on the Website during certain times.

60. Defendant denies the allegations contained in Paragraph 60 of the Complaint.

61. Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 61 of the Complaint and accordingly denies those allegations.

62. Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 62 of the Complaint and accordingly denies those allegations.

63. Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 63 of the Complaint and accordingly denies those allegations.

64. Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 64 of the Complaint and accordingly denies those allegations.

65. Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 65 of the Complaint and accordingly denies those allegations.

66. Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 66 of the Complaint and accordingly denies those allegations.

67. Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 67 of the Complaint and accordingly denies those allegations.

68. Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 68 of the Complaint and accordingly denies those allegations.

69. Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 69 of the Complaint and accordingly denies those allegations.

70. Defendant denies the allegations set forth in Paragraph 70 of the Complaint, except admits that Defendant owns and operates the Website and that visitors and patients may book appointments for eye exams through the Website.

71. Paragraph 71 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 71 of the Complaint.

72. Defendant denies the allegations set forth in Paragraph 71 of the Complaint, except admits that visitors and patients may book appointments for eye exams through the Website.

73. Defendant denies the allegations set forth in Paragraph 73 of the Complaint.

74. Paragraph 74 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 74 of the Complaint.

75. Defendant denies the allegations set forth in Paragraph 75 of the Complaint.

76. Defendant denies the allegations set forth in Paragraph 76 of the Complaint.

77. Defendant denies the allegations set forth in Paragraph 77 of the Complaint.

78. Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 78 of the Complaint and accordingly denies those allegations.

79. Paragraph 79 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 79 of the Complaint.

80. Defendant denies the allegations set forth in Paragraph 80 of the Complaint, except admits that Defendant used Google Analytics on the Website during certain times.

81. Defendant denies the allegations set forth in Paragraph 81 of the Complaint.

**AS TO "CLASS ACTION ALLEGATIONS"**

82. Defendant admits that Plaintiff purports to bring this action on behalf of all persons in the United States who accessed https://www.myeyedr.com/ and booked an appointment for an eye exam.

83. Defendant admits that Plaintiff purports to bring this action on behalf of all persons in the State of Illinois who accessed https://www.myeyedr.com/ and booked an appointment for an eye exam.

84. 83. Defendant admits that Plaintiff purports to exclude from the class action Defendants, the officers and directors of the Defendant at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendant has or had a controlling interest.

85. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 85 of the Complaint and accordingly denies those allegations.

86. Paragraph 86 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 86 of the Complaint.

87. Paragraph 87 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 87 of the Complaint.

88. Paragraph 88 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 88 of the Complaint.

89. Paragraph 89 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 89 of the Complaint.

90. Paragraph 90 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 90 of the Complaint.

91. Paragraph 91 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 91 of the Complaint.

92. The allegations in Paragraph 92 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 92 of the Complaint.

## AS TO "CAUSES OF ACTION"

## AS TO "COUNT I"
## VIOLATION OF THE ELECTRONIC COMMUNICATIONS PRIVACY ACT
## 18 U.S.C. §2511(1), et seq.

93. Defendant repeats and realleges its responses to the allegations contained in paragraphs 1 through 92 as if fully set forth at length herein.

94. Defendant admits that Plaintiff purports to bring this claim on behalf of herself and on behalf of a purported class.

95. Paragraph 95 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations set forth in Paragraph 95 of the Complaint.

96. Paragraph 96 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations set forth in Paragraph 95 of the Complaint.

97. Paragraph 97 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations set forth in Paragraph 97 of the Complaint.

98. Paragraph 98 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations set forth in Paragraph 98 of the Complaint.

99. Paragraph 99 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations set forth in Paragraph 99 of the Complaint.

100. Paragraph 100 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations set forth in Paragraph 100 of the Complaint.

101. Paragraph 101 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations set forth in Paragraph 101 of the Complaint.

102. Paragraph 102 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations set forth in Paragraph 102 of the Complaint.

103. Paragraph 103 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations set forth in Paragraph 103 of the Complaint

104. Paragraph 104 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations set forth in Paragraph 104 of the Complaint.

105. Paragraph 105 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations set forth in Paragraph 105 of the Complaint except admits that Defendant used Google Analytics on the Website during certain times.

106. Paragraph 106 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations set forth in Paragraph 106 of the Complaint.

107. Paragraph 107 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations set forth in Paragraph 107 of the Complaint.

108. Paragraph 108 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations set forth in Paragraph 108 of the Complaint.

109. Paragraph 109 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations set forth in Paragraph 109 of the Complaint.

110. Paragraph 110 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations set forth in Paragraph 110 of the Complaint.

111. Paragraph 111 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations set forth in Paragraph 111 of the Complaint.

112. Paragraph 112 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations set forth in Paragraph 112 of the Complaint.

113. Paragraph 113 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations set forth in Paragraph 113 of the Complaint.

114. Paragraph 114 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations set forth in Paragraph 114 of the Complaint.

115. Paragraph 115 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations set forth in Paragraph 115 of the Complaint.

116. Paragraph 116 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations set forth in Paragraph 116 of the Complaint.

**AS TO "COUNT II"**
**NEGLIGENCE**

117. Defendant repeats and realleges its responses to the allegations contained in paragraphs 1 through 116 as if fully set forth at length herein.

118. Defendant admits that Plaintiff purports to bring this claim on behalf of herself and on behalf of a purported class.

119. Paragraph 119 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations set forth in Paragraph 119 of the Complaint.

120. Paragraph 120 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations set forth in Paragraph 120 of the Complaint.

121. Paragraph 121 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations set forth in Paragraph 121 of the Complaint.

122. Paragraph 122 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations set forth in Paragraph 122 of the Complaint.

123. Paragraph 123 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations set forth in Paragraph 123 of the Complaint.

124. Paragraph 124 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations set forth in Paragraph 124 of the Complaint.

125. Paragraph 125 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations set forth in Paragraph 125 of the Complaint.

126. Defendant denies the allegations set forth in Paragraph 126 of the Complaint.

127. Paragraph 127 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations set forth in Paragraph 127 of the Complaint.

128. Paragraph 128 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations set forth in Paragraph 128 of the Complaint.

129. Paragraph 129 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations set forth in Paragraph 129 of the Complaint.

130. Paragraph 130 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations set forth in Paragraph 130 of the Complaint.

131. Paragraph 131 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations set forth in Paragraph 131 of the Complaint.

132. Paragraph 133 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations set forth in Paragraph 133 of the Complaint.

133. Paragraph 134 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations set forth in Paragraph 134 of the Complaint.

134. Paragraph 125 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations set forth in Paragraph 125 of the Complaint.

**AS TO "COUNT III"**
**BREACH OF CONFIDENCE**

135. Defendant repeats and realleges its responses to the allegations contained in paragraphs 1 through 134 as if fully set forth at length herein and further avers that this claim has been dismissed by the Court. To the extent that Defendant responds to the allegations under Count III, it does so solely to address any incorporation by reference of the allegations of Count III into other claims.

136. This claim has been dismissed by the Court.

137. Defendant denies the allegations set forth in Paragraph 137 of the Complaint.

138. Defendant denies the allegations set forth in Paragraph 138 of the Complaint.

139. Paragraph 139 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations set forth in Paragraph 134 of the Complaint except admits that Defendant used Google Analytics on the Website during certain times.

140. Paragraph 140 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations set forth in Paragraph 140 of the Complaint.

141. Defendant denies the allegations set forth in Paragraph 141 of the Complaint.

142. Defendant denies the allegations set forth in Paragraph 142 of the Complaint.

**AS TO "COUNT IV"**
**UNJUST ENRICHMENT**

143. Defendant repeats and realleges its responses to the allegations contained in paragraphs 1 through 142 as if fully set forth at length herein.

144. Defendant admits that Plaintiff purports to bring this claim on behalf of herself and on behalf of a purported class.

145. Paragraph 145 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations set forth in Paragraph 145 of the Complaint.

146. Paragraph 146 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations set forth in Paragraph 146 of the Complaint.

147. Defendant denies the allegations set forth in Paragraph 147 of the Complaint.

148. Paragraph 148 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations set forth in Paragraph 148 of the Complaint.

149. Paragraph 149 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations set forth in Paragraph 149 of the Complaint.

**AS TO "COUNT V"**
**BREACH OF IMPLIED CONTRACT**

150. Defendant repeats and realleges its responses to the allegations contained in paragraphs 1 through 149 as if fully set forth at length herein. To the extent that Defendant responds to the allegations under Count V, it does so solely to address any incorporation by reference of the allegations of Count V into other claims.

151. This claim has been dismissed.

152. Paragraph 152 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations set forth in Paragraph 152 of the Complaint.

153. Paragraph 153 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations set forth in Paragraph 153 of the Complaint.

154. Paragraph 154 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations set forth in Paragraph 154 of the Complaint

155. Paragraph 155 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations set forth in Paragraph 155 of the Complaint

**AS TO "PRAYER FOR RELIEF"**

Defendant denies that Plaintiff is entitled to any of the relief requested in the WHEREFORE clause of the Complaint, including paragraphs (a) through (h) and denies that Plaintiffs are entitled to any relief whatsoever. Defendant denies that Plaintiff or any putative "collective" or "class" member is entitled to recover any relief whatsoever from Defendants. Defendant specifically denies that the case is appropriate for class action adjudication.

Defendant denies each and every allegation not specifically admitted herein.

**AFFIRMATIVE DEFENSES**

**FIRST DEFENSE**

1. The Complaint fails to state a claim, in whole or in part, upon which relief may be granted.

**SECOND DEFENSE**

2. The Complaint is barred as Plaintiff has failed to join necessary and indispensable parties.

**THIRD DEFENSE**

3. Plaintiff lacks standing to pursue the claims alleged in the Complaint, in whole or in part.

**FOURTH DEFENSE**

4. This action cannot be maintained as a class action pursuant to Federal Rules of Civil Procedure Rule 23 or Illinois law because Plaintiff's allegations require individualized inquiry. Such individual analyses predominate over common questions which defeat the legality and utility of a purported class action or collective action.

**FIFTH DEFENSE**

5. Plaintiff cannot bring this action in a representative capacity because she is not "similarly situated" to the members of the putative class action she purports to represent in this action.

**SIXTH DEFENSE**

6. Plaintiff is not an adequate representative of the members of the alleged putative class for purposes of satisfying Rule 23 of the Federal Rules of Civil Procedure.

**SEVENTH DEFENSE**

7. This action is not appropriate for class certification under Rule 23 of the Federal Rules of Civil Procedure because Plaintiff's claims are not typical of the claims of the members of the alleged putative class.

**EIGHTH DEFENSE**

8. This action is not appropriate for class certification under Rule 23 of the Federal Rules of Civil Procedure because the facts and law common to the case are insignificant compared to the individual facts and issues particular to Plaintiff and the members of the alleged putative class.

**NINTH DEFENSE**

9. This action is not appropriate for class certification under Rule 23 of the Federal Rules of Civil Procedure because Plaintiff cannot demonstrate the class is so numerous that joinder of all members of the putative class is impracticable.

**TENTH DEFENSE**

10. Class action treatment under Rule 23 of the Federal Rules of Civil Procedure is not superior to other available methods for the fair and efficient adjudication of Plaintiff's claims and the claims of the members of the putative collective and class action.

**ELEVENTH DEFENSE**

11. Defendant opposes class action certification and disputes the propriety of class treatment of this action. If the Court certifies a class action in this action over Defendant's objections, then Defendant asserts the applicable denials and affirmative defenses set forth herein against each and every member of the certified class action.

**TWELFTH DEFEENSE**

12. At all times relevant to the acts alleged in the Complaint, Defendant's actions were reasonable, proper, lawful, constitutional, made in good faith, and without malice.

**THIRTEENTH DEFENSE**

13. Plaintiff is barred from recovering against Defendant based on the doctrines of waiver, release, consent, unclean hands, laches and/or estoppel.

**FOURTEENTH DEFENSE**

14. The Complaint is barred, in whole or in part, by the applicable statutes of limitations.

**FIFTEENTH DEFENSE**

15. Plaintiff's claims are barred, in whole or in part, to the extent discovery reveals Plaintiff failed to mitigate damages.

**SIXTEENTH DEFENSE**

16. Plaintiff's claims and damages are barred, in whole or in part, by her agreement with Google and/or the Google terms of use she agreed to when she established or used her Google account.

**SEVENTEENTH DEFESE**

17. Plaintiff's claims and damages are barred, in whole or part, by the limitation of liability, damages exclusions, limitations period and other terms and conditions and notices contained in Defendant's Website Terms of Use and/or Privacy Policy.

**EIGHTTEENTH DEFENSE**

18. Plaintiff's claims are barred, in whole or in part, because Defendant was a party to any and all alleged communications with Plaintiff.

**NINETEENTH DEFENSE**

19. Plaintiff has waived her proceeding in this matter or asserting claims as a class representative or putative member of a class by Defendant's Website Terms of Use and/or Privacy Policy.

**TWENTEEITH DEFENSE**

20. On information and belief, Plaintiff did not use an Internet Protocol (IP) address or web browser that individually identifies Plaintiff to the extent that she alleges that she accessed the Website.

**TWENTY-FIRST DEFENSE**

21. Plaintiff's claims are barred, in whole or in part, by the First and Fourteenth Amendments of the United States Constitution because the alleged unlawful behavior amounts to protected free speech.

## RESERVATION RIGHTS

22. The foregoing recitation of defenses does not constitute and shall not be construed as any admission regarding the burden of proof associated with such defenses. In addition to the defenses set forth above, Defendant expressly reserves the right to assert any and all additional legal and/or equitable defenses that may become apparent during the course of discovery and/or trial.

23. Allowing this case to proceed on a class basis without permitting Defendant to present evidence and defenses specific to each member of class would deny Defendant its right to Due Process under the Fifth and Fourteenth Amendments to the United States Constitution.

24. Allowing this case to proceed on a class basis in a manner that does not allow Defendant the opportunity to present their defenses in a full and fair manner consistent with Due Process would violate the Seventh Amendment to the United States Constitution either by depriving Defendant of a meaningful trial by jury or by violation the Reexamination Clause.

## DEMAND FOR JURY TRIAL

Defendant hereby demands a trial by jury with respect to all issues so triable

**WHEREFORE,** Defendant respectfully requests that this Court deny all relief sought by Plaintiff, enter an Order at the appropriate time dismissing all of their claims with prejudice, and grant Defendant such other and further relief as this Court may find just and proper.

Dated: March 27, 2026

EPSTEIN BECKER & GREEN, P.C.

*/s/* Brian G. Cesaratto

Brian G. Cesaratto
Eleanor Chung
875 Third Avenue
New York, NY 10022
Tel: 212.351.4500
bcesaratto@ebglaw.com
echung@ebglaw.com

*Attorneys for Defendant Capital Vision Services d/b/a MyEyeDr.*